NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| NOVARTIS PHARMACEUTICALS CORP. *et al.*, | Hon. Dennis M. Cavanaugh |
| Plaintiffs, | **OPINION** |
| v. | Civil Action No. 08-CV-3853 (DMC) |
| ROXANE LABORATORIES, INC., |  |
| Defendant. |  |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendant Roxane Laboratories, Inc. ("Defendant") to strike Plaintiffs Novartis Pharmaceuticals Corp., Novartis Pharma AG, and Novartis International Pharmaceutical Ltd.'s (collectively, "Plaintiffs") jury demand and claim for an exceptional case. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After considering the submissions of the parties, and based upon the following, the Court finds that Defendant's motion to strike Plaintiffs' jury demand is **granted**, and Defendant's motion to strike Plaintiffs' claim for an exceptional case is **denied**.

I. **BACKGROUND**[1]

Plaintiffs market and sell the drug Famvir® in the United States for the treatment of various herpes-related infections. The active antiviral agent in Famvir® is the chemical

---

[1] The facts set-forth in this Opinion are taken from the parties' statements in their respective moving papers.

compound famciclovir. Plaintiffs' patent in suit, U.S. Patent No. 5,246,937 (the "'937 patent"), claims the compound famciclovir and its use for treating viral infections.

On June 20, 2008, Defendant sent Plaintiffs a Notice Letter informing them that it had filed Abbreviated New Drug Application ("ANDA") No. 78-679, including a Paragraph IV certification, seeking to market generic famciclovir tablets prior to the expiration of the '937 patent. Plaintiffs then filed a Complaint in this Court on July 31, 2008 alleging infringement of the '937 patent that included a jury demand and a claim for an exceptional case.

A related case between Teva Pharmaceuticals and Novartis (the "Teva case") regarding Teva's alleged infringement of the '937 patent by filing an ANDA for a generic famciclovir product is also currently pending before the Court. See Novartis Pharm. Corp. v. Teva Pharm. USA, Inc., No. 05-CV-1887 (D.N.J. filed Apr. 8, 2005).

**II.    DISCUSSION**

Currently before the Court is Defendant's motion to strike Plaintiffs' demand for a jury trial and claim for an exceptional case. For the following reasons, Defendant's motion to strike Plaintiffs' jury demand is **granted**, and Defendant's motion to strike Plaintiffs' claim for an exceptional case is **denied**.

    A.    *Claim for Jury Trial*

Defendant requests that the jury demand be stricken from the Complaint because Plaintiffs' claims arise solely from the filing of the ANDA and thus entitle Novartis only to injunctive relief. See, e.g., Eli Lilly & Co. v. Medtronic, Inc., 496 U.S. 661, 678 (1990). It is well settled that a patentee seeking only injunctive relief does not have a right to a trial by jury.

See In re Tech. Licensing Corp., 423 F.3d 1286, 1288 (Fed. Cir. 2005).  Here, Plaintiffs appear to concede their lack of a right to a jury trial, declining to address the issue in their briefing, and instead argue that the Court should grant its jury request because of Defendant's apparent intention to consolidate this case with the Teva case, which is currently set for a trial by jury on the related issue of the '937 patent's validity.  Leaving the merits of this argument aside, the Court nonetheless notes that the two cases are not in fact consolidated, and thus finds that any argument based thereon is premature.  Accordingly, because Plaintiffs do not appear to possess an independent right to a jury trial, and because any arguments based on judicial economy and the Teva case are premature, Defendant's motion to strike Plaintiffs' jury demand is **granted**.

   B.  *Claim for Exceptional Case Status*

Defendant also requests that the Court strike Plaintiffs' claim for an exceptional case on the grounds that the mere filing of an ANDA cannot support a finding of willful infringement.  This Court previously considered and denied a substantially similar motion in the related Teva case.  See Novartis Pharm. Corp. v. Teva Pharm. USA, Inc., 2005 WL 3664014 (D.N.J. Dec. 30, 2005).  In that case, defendant moved to strike plaintiffs' claim for exceptional case status while relying on the Federal Circuit's decision in Glaxo Group Limited v. Apotex, Inc., 376 F.3d 1339 (Fed. Cir. 2004) for the proposition that the mere filing of an ANDA is insufficient to support a claim for willful infringement for purposes of awarding attorney fees.  See Teva, 2005 WL 3664014, at *2.  In Teva, however, this Court rejected the defendant's reliance on Glaxo, finding instead that the facts were closer to the Federal Circuit's decision in Yamanouchi Pharm. Co., Ltd. v. Danbury Pharm., Inc., 231 F.3d 1339, 1347 (Fed. Cir. 2000), where the Federal Circuit

upheld a patentee's claim for attorney fees after litigation showed that the ANDA certification was "wholly unjustified" and that defendants had committed misconduct. See Teva, 2005 WL 3664014, at *2. Following Yamanouchi, the Court noted the possibility that further litigation in Teva could produce evidence showing that the ANDA certification was baseless or some additional activity supporting plaintiffs' claim for willfulness. Id. Based thereon, the Court denied defendant's motion to strike, without prejudice to their ability to re-file at a later stage of the litigation, and held that plaintiffs could proceed under the then-existing state of the pleadings. Id.; see also Accorda Therapeutics, Inc. v. Apotex Corp., 2008 WL 5423937, *2 (D.N.J. Dec. 29, 2008) (noting that "[c]ourts in this Circuit have interpreted the Federal Circuit's directive in both Glaxo and Yamanouchi to be that while an ANDA filing, alone, cannot form the basis of a plaintiff's exceptional case claim, plaintiff is not precluded from later establishing such a claim with the addition of proof of other conduct")

     Similarly, Defendant's motion in this case is premature because of the possibility that further litigation may produce evidence supporting Plaintiffs' willful infringement claim. While Defendant attempts to distinguish this case from Teva by arguing that the Court's subsequent denial of a preliminary injunction in Teva with respect to the '937 patent's validity negates any possibility of finding that Defendant acted with "obvious recklessness," see In re Seagate Tech. LLC, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (requiring "at least a showing of obvious recklessness" to support claim for willful infringement), it nonetheless remains true that further litigation in this case may produce proofs showing that Defendant's ANDA certification was baseless or exposing some other litigation misconduct supporting Plaintiffs' claim. The Court

4

thus finds that Plaintiffs may proceed with the litigation under the current state of the pleadings, with the understanding that, should discovery fail to produce sufficient evidence of willful infringement, Plaintiffs may consider withdrawing their claim, or Defendant may renew its application. Accordingly, Defendant's motion to strike Plaintiffs' claim for exceptional case status is **denied**.

### IV. CONCLUSION

For the reasons stated, the Court finds Defendant's motion to strike Plaintiffs' jury demand is **granted**, and Defendant's motion to strike Plaintiffs' claim for an exceptional case is **denied**. An appropriate Order accompanies this Opinion.

    S/ Dennis M. Cavanaugh
    Dennis M. Cavanaugh, U.S.D.J.

Date:      April  28 , 2009
Orig.:      Clerk
cc:        All Counsel of Record
            Hon. Mark Falk, U.S.M.J.
            File